[No. 534. Decided August 12, 1892.]

PETER NELSON, *Appellant,* v. THE PYRAMID HARBOR PACK-ING COMPANY, *Respondent.*

FISHING ON SUNDAY—CONTRACT OF EMPLOYMENT—CONSTRUCTION.

Under the provisions of the act of congress (25 St. at Large 1009), relating to the protection of salmon in the waters of Alaska, fishing for salmon on Sunday in the waters of Alaska is not illegal.

Where a person hires himself to "labor in the capacity of fisherman, or in any other capacity,  .  .  .   Sundays and holidays not excepted, as the authorized agent of the company may direct," at a certain point in Alaska, it is his duty to fish or perform any other labor on Sunday, if required, during the continuance of his contract.

*Appeal from Superior Court, Jefferson County.*

Action by Peter Nelson against the Pyramid Packing Company to recover upon a contract for hire.   By his contract plaintiff agreed "that he will, for and during the time he shall remain in the employ of said company, faithfully, honestly and diligently work and labor in the capacity of fisherman, or in any other capacity, at Pyramid Harbor, Alaska; that he will give his whole time, attention, capacity and energy to the business of the company;" that "he shall work as directed, at all times, at any place,

Sunday and holidays not excepted, as the authorized agent of the company may direct." "If service was continuous," time was to be allowed him from date of sailing to the end of the season. And if he voluntarily quit the service of the company, transportation and subsistence was not to be furnished him. In case of failure to perform the conditions of the contract, by him to be performed, "or in case of violation by him of any such conditions or rules, instructions, or regulations of said company, or its agent, . . . it shall be at the option of the agent to discharge him, and his contract become void for the rest of the season, and he shall then pay his own transportation from the cannery." His pay was to be fifty dollars per month, actually employed in the service of the comp ny, and one cent each for red salmon, and free transportation and subsistence to and from the cannery from the port of embarkation.

Plaintiff was requested to fish on Sunday, July 11, which he refused to do. Thereupon the next day the agent of the defendant submitted to him an additional agreement or regulation, as to working on Sunday, an acceptance of which would authorize the agent to overlook his refusal to work the day before. This required him to work on Sunday thereafter when, in the opinion of the agent, it was necessary, and unless he assented to this regulation, he should be considered as having forfeited all rights under the contract and consider himself discharged. He refused to comply with the regulation, and accepted his pay to that date, and was discharged.

*Tyler, Hays & Tyler*, for appellant.

*A. R. Coleman* and *W. S. Bush*, for respondent.

The opinion of the court was delivered by

Hoyt, J.—Two questions are presented for determination by this appeal: (1) Does the act of the legislature of

the State of Oregon, making it illegal to fish on Sunday, apply to the Territory of Alaska? (2) If it does, can the contract which was sued upon in this action be so construed as to make it a legal contract notwithstanding said statute?

Congress has, by enactment, extended the laws of Oregon over the Territory of Alaska, and it is contended on the part of the appellant that, by virtue of said enactment, the law in question became effective throughout said territory. Respondent combats this position, and argues that only those laws in force in Oregon which were applicable to the condition of things in Alaska were by such congressional legislation made effective therein, and argues with much force that the statute in question is not so applicable. Whether this law did in fact, by virtue of such action of congress, become a part of the law of the Territory of Alaska it is not necessary for us now to decide, as we are satisfied that since the passage of the act of March 2, 1889 (25 St. at Large, 1009), it is not in force in said territory. Said last named act was plainly intended by congress to cover the whole question relating to the protection of salmon in the waters of Alaska, and must be held to have repealed any laws of the State of Oregon upon that subject which had before that been in force in said territory, so far as such territory was concerned. It follows that fishing on Sunday in the waters of Alaska was not illegal.

As to the second question, appellant contends that the contract should be so interpreted that under it he bound himself only to fish on week days, and thereunder could only be compelled to do other work on Sundays. The only foundation for such a contention was the alleged illegality of engaging in fishing on Sundays, and as we have seen that such act was not illegal on that day, the foundation is taken from any argument of the appellant in that regard. But even if the act of fishing on Sunday was illegal, we should be unable to interpret the contract as contended for

by appellant. In our opinion it contemplated that appellants should do on every day, including Sundays, what he was directed to do by respondent, and that, under said contract, it was as much his duty to fish on Sunday, if so required, as to perform any other labor.

And as it is conceded by appellant that if the contract was illegal this action could not be maintained, it follows that, under any aspect of the case, the judgment of the court below was right, and must be affirmed.

ANDERS, C. J., and STILES and SCOTT, JJ., concur.

DUNBAR, J., dissents.